**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **vs.** | )   **Criminal Action No. 18-00021-KD** |
| | ) |
| **JAQUAIL D. BUSBY,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>ORDER</u>**

This action is before the Court on Defendant Jaquail D. Busby's motion for modification of his sentence (doc. 19).  Upon consideration, and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction.

I. <u>Background</u>

Busby pled guilty to Counts 1 and 2 of an Information charging carjacking and possession of a firearm during a crime of violence.  He was sentenced to a total term of 240 months with

> Said term consists of 30 months as to Count One in 1:18-00021 and Count Two in 1:17-00144; to run concurrently, and 150 months as to Count Two in 1:18-00021 to run consecutively with Count One in 1:18-00021 and Count Two in 1:17-00144, and 60 months as to Count Three in 1:17-00144; to run consecutively with all listed counts.

(Doc.  15).[1]

Busby is now incarcerated at USP Florence High, a high security penitentiary in Florence, Colorado. His estimated release date is June 23, 2035.

II. <u>Motion for modification of sentence</u>

---

[1] In Criminal Action No. 17-00144-KD, Busby and his co-defendant were indicted for conspiracy to commit carjacking; carjacking; using, carrying, and brandishing a firearm during a crime of violence; conspiracy to commit kidnapping; kidnapping; and Busby was indicted for prohibited person (felon) in possession of a firearm.

Busby moves the Court to either reduce his sentence to time served or place him on probation or parole for the remainder of his sentence. Busby appears to ask if he has served enough time in prison to be eligible for a reduction. Busby did not identify any specific grounds for a reduction of sentence to time served. Instead, he appears to believe that at a certain point in time, inmates may ask for a reduction or probation.

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). "Generally, a court 'may not modify a term of imprisonment once it has been imposed' except as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)).

Subsection 3582(c)(1)(A)(i) provides for a reduction of sentence where "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i). However, these reductions much be "consistent with applicable policy statements issued by the Sentencing Commission" (Id.). Section 1B1.13 of the U.S. Sentencing Guidelines is the Policy Statement applicable to § 3582(c)(1)(A)(i). The Policy Statement provides examples of extraordinary and compelling reasons for a reduction of sentence. However, the number of years that Busby has served, standing alone, is not an extraordinary and compelling reason which would qualify him for consideration of a reduction of sentence. Subsection 3582(c)(1)(A)(ii) provides for a reduction in sentence where the defendant is at least 70 years old, and other conditions are met. (Id.). Since Busby is 33 years old, he cannot obtain relief under this statute.

Subsection 3582(c)(2) provides for modification of a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Effective November 1, 2023, the

United States Sentencing Commission enacted Amendment 821 to the United States Sentencing Guidelines.  The Commission deemed that Part A and Part B Subpart 1 of the Amendment apply retroactively. U.S.S.G. § 1B1.10(d). See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("[A]mendments claimed in [18 U.S.C.] § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10([d]).") (emphasis in original). Relevant here, Part A amends the method by which "status points" – criminal history points applied when a defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised, release, imprisonment, work release or escape status" – are calculated. U.S.S.G. § 4A1.1(e).  Application of Part A may lower the defendant's criminal history category, and consequently, may lower the defendant's sentencing guidelines range.

Busby was given 2 status points because he committed the instant offense while on probation following a state court conviction (doc. 7, p. 13, PSIR). His prior convictions resulted in a subtotal criminal history score of 6.  With a total of 8 points, his criminal history category was IV. Based upon a total offense level of 26 and a criminal history category of IV, his guidelines range was 92 to 115 months as to Count 1.

Under Part A of Amendment 821, a person who had six or less criminal history points, would receive a two-point reduction of their status points. Thus, Busby's criminal history points are reduced to 6.  Applying the Sentencing Table found at Ch. 5, Pt. A, of the Guidelines Manual, his criminal history category is reduced to III. With a total offense level of 26 and a criminal history category of III, his amended sentencing guidelines range is 78 to 97 months as to Count 1.  However, as to Count 1, the Court imposed a sentence of 30 months which is lower than the amended sentencing guidelines range.  Thus, Busby is not entitled to any reduction of his sentence based on this amendment to U.S.S.G. § 4A1.1.

Subsection 3582(c)(1)(B) provides for modification of a sentence if "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure".  Busby has not presented

the Court with any statute that would authorize a reduction or modification of his sentence, and the United States has not filed a motion pursuant to Rule 35(b).

Also, Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  However, Busby does not argue that there has been any clerical error in his judgment, order, or record.

Since the relief Busby seeks is not available under the statute, sentencing guidelines, or the rules, the Court lacks jurisdiction to modify his sentence.

**DONE** and **ORDERED** this 20th day of March 2025.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**